IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | : | CIVIL ACTION NO. **1:CV-11-0564** |
| Petitioner, | : | |
| | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BRENDAN T. CONWAY, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On March 25, 2011, Plaintiff, Frederick Banks, currently an inmate at the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix"), Fort Dix, New Jersey, filed, *pro se*, a 1½ - page Petition for Writ of Mandamus, pursuant to 28 U.S.C. §1651, in this Court.¹ (Doc. 1). Plaintiff also filed a Motion for Leave to proceed *in forma pauperis*.² (Doc. 2). Plaintiff names as Respondents: Brendan T. Conway, Assistant U.S. Attorney ("AUSA"), W.D. Pa.; Paul Hull,

---

1. We note that, on March 18, 2011, Petitioner Banks filed another recent Petition for Writ of Mandamus in this Court, which has been docketed to Civil No. 1:CV-11-0511. On March 29, 2011, we issued an R&R in Plaintiff Banks's Civil No. 1:CV-11-0511 case.
Previously, on July 21, 2008, Banks filed a Petition for Writ of Mandamus in this Court, which was docketed to Civil No. 1:CV-08-1394, M.D. Pa. On August 15, 2008, the Court dismissed Banks's case #08-1394. *See Banks v. U.S. Attorney*, 2008 WL 3853307 (M.D. Pa.), aff'd. 318 Fed.Appx. 56 (3d Cir. 2009).
Banks has also filed the following actions in the Middle District of Pennsylvania: *Banks v. One or More Unknown Named Confidential Informants of Federal Prison Camp Canaan, et al.*, M.D. Pa. Civil No. 06-1127; *Banks v. Six or More Unknown Named Lt's and Correctional Officers of USP Canaan et al.*, M.D. Pa. Civil No. 06-1228; *Banks v. Roberts et al.*, M.D. Pa. Civil No. 06-1232; *Banks v. Nicklin et al.*, M.D. Pa. Civil No. 06-1396; *Banks v. The Multi-Million Dollar Mistakes of Julie Nicklin et al.*, M.D. Pa. Civil No. 06-1549; and *Banks v. Green, et al.*, M.D. Pa. Civil No. 07-0021. The above civil actions are all closed.

2. Petitioner's Motion for Leave to proceed *in forma pauperis* (Doc. 2), consisting simply of 6 handwritten sentences, is not on the proper form for a Motion for Leave to proceed *in forma pauperis*. Also, Petitioner failed to submit a copy of his inmate account.
If the Court adopts our R&R in Banks's Civil No. 1:CV-11-0511 case and our R&R in the instant case and dismisses these cases, Banks may be precluded from filing any further actions *in forma pauperis* under the three strike rule, 28 U.S.C. §1915(g). *See also Banks v. U.S. Attorney*, 2008 WL 3853307 (M.D. Pa.); *Banks v. Buchanan*, 336 Fed.Appx. 122 (3d Cir. 2009).

Indian Agent; Mary Beth Buchanan; Joy Flowers Conti; Third Circuit Judges Sloviter, Fuentes and Jordan; United States Attorney's Office, Western District of Pennsylvania; Commissioner of Indian Affairs; Bureau of Indian Affairs; Department of the Interior; United States of America; United States Attorney; and Timothy Pivnichny.  (Doc. 1, p. 1).

Petitioner's Petition has not yet been served on Respondents.

Petitioner states that he is an "American Indian" and that his action "is criminal not civil in nature." (Doc. 1, p. 1).  As such, Petitioner states that the PLRA does not apply to his case.

Petitioner avers that on August 29, 2008, he filed a Petition for Writ of Mandamus, pursuant to 18 U.S.C. §3332 in the United States District Court for the Western District of Pennsylvania claiming that "during the grand jury proceedings preceding his criminal trial ..., AUSA Brendan Conway and Judge Conti denied his request to introduce his BMW [car] as evidence because, according to AUSA Brendan Conway, the government no longer had it." (*Id.*, ¶ 1).  Petitioner alleges that another AUSA, Mary McKeon Houton, later told him, in the government's reply regarding a restitution order, that "the [BMW] car was actually in the government's possession at that time."   Petitioner further alleges that "based on these allegations, [he] asked the District Court [for the Western District of Pennsylvania] to issue a writ of mandamus to 'compel the United States Attorney to present the factual evidence concerning the alleged criminal wrongdoing of Brendan Conway, AUSA to the grand jury,' or for the court to request and bring this information to the attention of the grand jury." (*Id.*).  Petitioner cites to *Banks v. Buchanan*, 336 Fed.Appx. 122 (3d Cir. 2009).

Additionally, Petitioner states that "none of the Defendants ever brought this matter to the attention of the Grand Jury even though it was clear that 18 USC §§ 1621; 1623; 1101; 241;and 242 had been violated along with other laws of the United States and the US Constitution against [him]." (*Id.*, ¶ 2).

**2**

Petitioner indicates that he is entitled to have Respondents arrested and prosecuted under the Fort Laramie Treaty of 1868, and that he is also entitled to damages against Defendants under this Treaty. (*Id.*, ¶ 3).

Petitioner avers that his "due process right to property was violated in violation of 8 USC §1401(b)." (*Id.*, ¶ 4).

Petitioner states that Respondents are liable to him in the amount of $1 million and that Respondents "must be arrested and punished for failing to present evidence of [Respondent AUSA] Conway's wrongdoing to a Grand Jury in violation of 18 USC §3332." Petitioner also states that "Defendants failed to present evidence to the Grand Jury of [Respondent] Timothy Pivnichny's criminal wrongdoing in violation of the laws herein." (*Id.*, p. 2).

As relief, Petitioner requests that judgment be entered against Respondents in the amount of $1 million and that Respondents be arrested and punished. Petitioner also requests the return of his BMW car to him. (*Id.*).

As with his Petition filed in case #11-0511, Petitioner Banks's instant Petition solely relates to events which allegedly occurred in the Western District Pennsylvania, during his criminal prosecution. As stated, Petitioner is presently confined at FCI-Fort Dix, New Jersey. Once again, neither Petitioner nor his claims have any connection to the Middle District of Pennsylvania.

As discussed below, we find that Petitioner's Petition should be dismissed. In the alternative, we find that all of Petitioner's claims arising during his criminal prosecution in the Western District Pennsylvania, against, in part, the prosecutors and Third Circuit Judges, as well as the Commissioner of Indian Affairs and the Department of the Interior, should be transferred to the District Court for the Western District of Pennsylvania. *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa.  2010 WL 5300885 (M.D. Pa. 11-29-10).

**II.  Screening Petitioner's Complaint.**

As stated, Petitioner filed a Motion to proceed *in forma pauperis*.[3] (Doc. 2).  We now screen Petitioner's pleading as we are obliged to do, despite Petitioner's contention that the PLRA does not apply and despite the fact that Petitioner is not complaining about prison conditions.   We are obliged to screen Petitioner's Petition  under 28 U.S.C. §1915A(a).  In *Banks v. U.S. Attorney*, 2008 WL 3853307 (M.D. Pa.), the Court stated, "[a] federal court must engage in a preliminary screening of any case in which a poisoner seeks redress from a governmental entity. *See* 28 U.S.C. §1915A(a).  In the  court's review, it must identify any cognizable claims and dismiss an claims which frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a Defendant who is immune from such relief.  *See id.* [28 U.S.C.] § 1915A(b)(1) and (2)."  *See also Banks v. Buchanan*, 336 Fed.Appx. 122, 123 (3d Cir. 2009)("Because Banks is proceeding *in forma pauperis,* we must review this appeal to determine whether it should be dismissed pursuant to 28 USC §1915(e)(2)(B)(i)."

---

3.   The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).
 We again note that Petitioner Banks incorrectly states that since his action is criminal in nature and not civil, the PLRA does not apply to his instant Mandamus Petition. (Doc. 1, p. 1). *See Banks v. U.S. Attorney*, 2008 WL 3853307, *1.
We also again note, to the extent Petitioner claims that Respondents committed criminal violations, such claims are not proper in a federal civil action.  This Court cannot grant as relief in the present case the initiation of a criminal prosecution.  Also, the Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.  Thus, insofar as Petitioner is seeking this Court to arrest and punish the Respondents for failing to present evidence of the alleged wrongdoing of the prosecutors during the grand jury proceedings in his criminal case, this request is subject to dismissal.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. See *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

### III.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( quoting *Twombly,* 550 U.S. at 555) (not precedential).

**IV. Discussion.**

As mentioned, Petitioner Banks filed this action, as he did in his cases #08-1394 and #11-0511, as a Petition for Writ of Mandamus.   The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  *Id.*

*Id.* at 712.

The standards for determining if a Writ of Mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).  The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ.  *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995).  Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ.  *See id.*

*Id.*

The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is  discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners  must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ  is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern*

**6**

> *District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id.*

In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ." (Citation omitted).[4]  *See also Banks v. U.S. Attorney*, 2008 WL 3853307, *1 ("Mandamus will not issue to compel discretionary functions.")(citation omitted).

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

> Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006). Therefore:   Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).
>
> *Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).
>
> As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:
> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v.*

---

4.   In *Drummond v. Martinez*, 2009 WL 3241851, *5, n. 8 (M.D. Pa. October 05, 2009), the Court noted:

> To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *See Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.' ") (citing *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

7

> *Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305(1967)); *see also In re Leeds,* 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate,* 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power v. Barnhart,* 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Weber v. United States,* 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

*Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

In the present case, Petitioner Banks seeks this Court to impose money damages against Respondents and to arrest Respondents for their alleged failure to require them to produce before the grand jury in his criminal case evidence of Respondent AUSA Conway's and Respondent Pivnichny's criminal wrongdoing, *i.e.* lying that the government did not possess Petitioner's BMW car when it actually did posses his car and preventing him from introducing his car as evidence in his criminal trial in the Western District of Pennsylvania.

In *Banks v. U.S. Attorney*, 2008 WL 3853307, *2, the District Court stated:

> It is well-settled that mandamus does not lie to compel a United States Attorney to perform a discretionary act. *See Lichtman v. United States,* No. 07-2902, 2008 WL 3274113, at *2 (3d Cir. Aug.11, 2008) ("[F]ederal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made."); *Schaeffer v. Wilson,* 240 F. App'x 974, 976 (3d Cir.2007) (same); *see also Inmates of Attica Corr. Facility v. Rockefeller,* 477 F.2d 375, 379 (2d Cir.1973) (listing cases from other circuits reaching the same holding). Further, a private citizen does not have a legal right to compel government officials to arrest or prosecute another person. *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 767 n. 13, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). The decision to investigate, prosecute, and/or file criminal charges

**8**

>rests solely within the discretion of the prosecutor. *See Abraham v. Danberg,* No. 08-0311, 2008 WL 2950994, at *2 (D.Del. July 31, 2008) (citing *United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)).

The District Court in *Banks v. U.S. Attorney*, 2008 WL 3853307, *2, then concluded:

>Turning to the instant petition, the court finds no basis for awarding mandamus relief. Banks seeks an order directing the United States Attorney to present his claims to a grand jury. However, as set forth above, the decision to investigate and/or criminally prosecute an individual lies within the sound discretion of the United States Attorney and not the court or a private individual, such as Banks. Thus, Banks' petition fails to state a claim upon which relief may be granted.

In *Banks v. U.S. Attorney*, 318 Fed.Appx. at 57, the Third Circuit stated:

>Upon review, we agree with the District Court that Banks's mandamus petition failed to state a claim upon which relief could be granted. Although a district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States ... to perform a duty owed to the plaintiff," it may only do so if the duty owed is "a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). As the District Court explained, the Department of Justice's decision to prosecute an individual is purely discretionary; therefore, mandamus could not lie under 28 U.S.C. § 1361 to compel prosecution of Banks's alleged offenders. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller,* 477 F.2d 375, 379 (2d Cir.1973) (stating that "federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made.")

In *Banks v. Buchanan*, 336 Fed.Appx. 122 (3d Cir. 2009), the Third Circuit considered similar claims of Banks that he raises in the present case, *i.e.* a petition for writ of mandamus to compel the U.S. Attorney to present evidence to a grand jury regarding alleged criminal wrongdoing by AUSA Conway.  Banks alleged that during the grand jury proceedings, AUSA Conway denied his request to introduce his BMW car as evidence claiming that the government no longer possessed it.  Banks claimed that he later discovered that his car was in the government's possession during the relevant time of his request.  The District Court dismissed Banks's petition and the Third Circuit affirmed this decision.  Petitioner Banks now seeks to re-assert these same claims in his present Petition.

The Third Circuit stated in *Banks v. Buchanan*, 336 Fed.Appx. at 123-24:

> Upon review, we agree with the District Court that Banks lacks standing to compel the presentation of evidence under 18 U.S.C. § 3332. This provision, which is part of the Organized Crime Control Act of 1970, was designed to encourage citizens to report organized crime and to guard against the possibility of government corruption. *Sargeant v. Dixon,* 130 F.3d 1067, 1068 (D.C.Cir.1997). Section 3332 provides as follows:
>
> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.
>
> 18 U.S.C. § 3332(a). Thus, Banks is correct that § 3332 requires the U.S. Attorney to inform the grand jury of information provided by "any person" about an "offense[ ] against the criminal laws of the United States." It does not, however, confer standing upon Banks to enforce the U.S. Attorney's obligation, as Banks's interest in the prosecution of AUSA Conway is not a legally protected interest.FN2 *See Sargeant,* 130 F.3d at 1069; *see generally Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (explaining that, in order to satisfy the constitutional minimum of standing under Article III, a plaintiff must have suffered an "'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical" ' "). We cannot discern any basis here for Banks to compel action pursuant to § 3332 such that he would have standing.
>
>> FN2. Anticipating our present conclusion, Banks argues that he is not attempting to compel the U.S. Attorney to prosecute AUSA Conway, but is, rather, asking "to have either the court or the United States Attorney present certain information to the grand jury." (Mandamus Petition 2.) This distinction, however, does not alter our conclusion that Banks lacks standing to enforce § 3332 by compelling the U.S. Attorney to present information to a grand jury. Furthermore, § 3332 does not contemplate the type of court action that Banks requests.
>
> For the foregoing reasons, we conclude that this appeal lacks an arguable legal basis. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Thus, Petitioner Banks's instant request seeking money damages and criminal prosecution against Respondents for the alleged failure of the U.S. Attorney, the AUSA's, and the other Respondents to produce evidence of criminal wrongdoing by the prosecutors during his grand jury proceedings should be dismissed for failure to state a claim upon which relief can be granted. *See Banks v. U.S. Attorney*, 2008 WL 3853307, *2; *Banks v. Buchanan*, 336 Fed.Appx. at 123-24.

Moreover, Petitioner's action styled as a Petition for Writ of Mandamus should be dismissed since Petitioner does not even remotely indicate that most of the named Respondents had any personal involvement with the alleged criminal conduct by Respondents Conway and Pivnichny, and with the alleged failure to produce evidence of their wrongdoing of lying about whether the government possessed his BMW car. Further, Petitioner has not shown that his right to the writ to compel the arrest and punishment of Respondents is clear and indisputable especially since "the decision to investigate, prosecute, and/or file criminal charges rests solely within the discretion of the prosecutor." *Id*.

As the *Hill* Court stated:

> A writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

2010 WL 3398989, *4.

Moreover, venue of Petitioner's action does not lie in the Middle District of Pennsylvania. Based on the Petition, we find that all of Petitioner's claims arose in the Western District of Pennsylvania, where his criminal prosecution occurred. Petitioner, as an inmate at FCI-Fort Dix, New Jersey, whose claims arose in the Western District of Pennsylvania, does not even have any connection with the Middle District of Pennsylvania.

**11**

Thus, in the alternative to dismissal, we find, as the Court did in *Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. 2010 WL 5300885 (M.D. Pa. 11-29-10), that since all of Petitioner's claims relate to his criminal prosecution in the Western District of Pennsylvania and since Petitioner is confined at FCI-Fort Dix, New Jersey, his case should be transferred to the District Court for the Western District of Pennsylvania. In fact, as stated, neither Petitioner nor his claims have any nexus with the Middle District of Pennsylvania.

Thus, in the alternative, we will recommend that the Court transfer Petitioner's case with respect to his claims to the Western District of Pennsylvania since this is the more convenient forum pursuant to 28 U.S.C. §1404(a). The Western District of Pennsylvania would have jurisdiction over Respondents and over Petitioner's claims. Thus, we will recommend, in the alternative, that Petitioner's case be transferred to the Western District of Pennsylvania since this is the more convenient forum pursuant to 28 U.S.C. §1404(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

> In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:
> > It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been

**12**

> brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, since the relevant Defendants were located in the Western District of Pennsylvania, and since "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference;
> (3) where the claim arose; (4) the convenience of the parties;
> (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;
> (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum;
> (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[5]

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, specifically regarding the listed factors 2, 3, 4, 5, 6, 7, 9, and 11, they all weigh in favor of transferring Petitioner's case to the District Court for the Western District of

---

5.   The quote from *Brown* contained two factors number (4).

**13**

Pennsylvania. Significantly, as stated, none of the alleged conduct giving rise to Petitioner's claims occurred in the Middle District of Pennsylvania. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.).

The instant claims arose in the Western District of Pennsylvania and Petitioner is confined at FCI-Fort Dix within the jurisdiction of the District Court for New Jersey. None of the named Respondents are located in the Middle District of Pennsylvania, and the alleged conduct of Respondents in the Western District of Pennsylvania. Neither Petitioner nor any of the Respondents are alleged to have any contacts in this case with the Middle District of Pennsylvania. Further, all of the records concerning Petitioner's claims arising would be located in the Western District of Pennsylvania, along with the witnesses.

Thus, none of the parties, including Petitioner, none of the witnesses, and none of the records regarding Petitioner's claims are located in the Middle District of Pennsylvania. Also, all of the pertinent events complained of occurred in the Western District of Pennsylvania, and the records and documents regarding the Respondents should be in the Western District of Pennsylvania.

Therefore, in the alternative to dismissal, we find that, for the convenience of the parties, this case should be transferred to the District Court for the Western District of Pennsylvania, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

**V. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Banks's Petition for Writ of Mandamus **(Doc. 1)** be dismissed. It is also recommended that Petitioner's Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action.

In the alternative, it is recommended that, for the convenience of the parties and in the interests of justice, this case be transferred to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).


                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: April12, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREDERICK BANKS, | : | CIVIL ACTION NO. **1:CV-11-0564** |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| BRENDAN T. CONWAY, et al., | : | |
| Defendants | : | |

### **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 12, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: April 12, 2011**

**18**